UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP J. LYONS, | Case No. 2:14-cv-778-APG-CWH |
| Plaintiff, | **Order** |
| v. | |
| JAMES G. COX et al., | |
| Defendants. | |

I.     DISCUSSION

On July 1, 2014, this Court entered a screening order and specifically noted "that there [was] a discrepancy between the number of counts listed in the back of Plaintiff's complaint and the number of enumerated fact sections in the front of the complaint . . . Plaintiff enumerates six fact sections but then alleges seven counts . . . The Court combines the seven counts into Plaintiff's six sections and addresses the complaint in six counts." (Dkt. #2 at 4 n.1). On November 25, 2014, Defendants filed a partial motion to dismiss which stated that Defendants "address Plaintiff's claims in the same manner as the Court in its July 2014 screening order" and referenced the Court's footnote identifying the discrepancy of counts and fact sections in the complaint. (Dkt. #16 at 2 n.2). On December 5, 2014, Plaintiff filed a motion to correct/amend screening order pursuant to Federal Rules of Civil Procedure 60(a) and a motion to stay the motion to dismiss. (Dkt. #20, 21).

In the motion to correct/amend screening order, Plaintiff states that Defendants' motion to dismiss reflects and highlights various mistakes and oversights in the Court's screening order that should be examined and corrected before the case proceeds any

further. (Dkt. #20 at 2). Specifically, Plaintiff argues that the screening order's discussion of facts and counts do not correlate with his version of the facts and counts in the complaint. (*Id.*) For example, he states that the screening order's analysis of Count III relates to Count IV in the complaint. (*Id.*) Plaintiff's motion discusses how the screening order's version of the counts differs from how he enumerated his counts in the complaint. (*See id.* at 2-4).

In his motion to stay the motion to dismiss, Plaintiff would like the Court to correct the errors in its screening order before proceeding with the motion to dismiss. (Dkt. #21 at 4).

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

The Court denies Plaintiff's motion to amend/correct the screening order because the Court has not made any clerical mistake or any mistake arising from an oversight or omission. As noted in the screening order, Plaintiff's complaint contains discrepancies between the number of counts listed in the back of the complaint and the number of enumerated fact sections in the front of the complaint. Although the Court combined Plaintiff's enumerated seven counts into six counts, a review of the screening order and complaint demonstrates that the Court considered all allegations in the complaint and addressed all claims in the complaint in those six counts. As such, the motion to amend/correct screening order (Dkt. #20) is denied. The parties shall address the counts in the complaint as set forth in this Court's July 1, 2014 screening order.

The Court grants Plaintiff's motion to stay the motion to dismiss (Dkt. #21) pending the entry of this order. Plaintiff shall have 30 days from the entry of this order to respond to the motion to dismiss (Dkt. #16). Defendants shall file a reply in the time set forth by the Federal Rules of Civil Procedure.

II. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to amend/correct

screening order (Dkt. #20) is denied.

**IT IS FURTHER ORDERED** that the motion to stay the motion to dismiss (Dkt. #21) is granted. Plaintiff shall file a response to the motion to dismiss within 30 days from the entry of this order. Defendants shall file a reply in the time set forth by the Federal Rules of Civil Procedure.

DATED this 12th day of January, 2015.

_____
United States District Judge